IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAOLA WEBSTER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-296-DII |
| UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant United Services Automobile Association's ("USAA") motion to compel arbitration and dismiss Plaintiff's amended complaint, filed on July 3, 2024. (Dkt. 11). Plaintiff Paola Webster ("Webster") has not filed a response. Having considered USAA's motion, the evidence, and the relevant law, the Court finds that Defendant's motion should be granted.

Webster, proceeding *pro se*, filed her original complaint in this case on March 19, 2024, (Dkt. 1), and an amended complaint the following day, (Dkt. 3). Webster, a former employee of USAA, alleges various forms of disability discrimination and retaliation in connection with her employment and subsequent termination. (Am. Compl., Dkt. 3). She appears to bring claims under the Americans with Disabilities Act, the Rehabilitation Act, and state-specific anti-discrimination statutes. (*Id.* at 7). On July 3, 2024, USAA filed the instant motion, alleging that when Plaintiff accepted her employment offer from USAA, Plaintiff signed a document that mandates that any employment-related disputes must be handled first by the USAA Dialogue Program and then, if the Dialogue Program is unsuccessful, by arbitration. (Mot., Dkt. 11, at 2–3). USAA requests that the Court compel arbitration and dismiss this action. (*Id.*). Webster has not responded to USAA's motion.

1

The Federal Arbitration Act (the "FAA") permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Questions of an arbitration agreement's existence and validity are governed by state law. *See, e.g., Halliburton Energy Servs. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

As to the first requirement, the Court finds that the parties entered into a valid arbitration agreement. USAA attached to its motion two documents that Webster signed. On January 5, 2019, Webster electronically signed a document entitled Dialogue: The USAA Dispute Resolution Program Notice (the "Notice") in connection with her application for employment with USAA. (*See* Mot., Dkt. 11, at 2; Dkt. 11-1, at 5). The Notice indicated that the Dialogue Program was the "exclusive means for resolving employment-related disputes (including, for example, claims for discrimination under federal and state law), between USAA and its employees and applicants for employment." (*Id.*). The Notice also stated:

> I agree to be bound by the terms and provisions of Dialogue. I understand that any dispute covered by the Dialogue Program that cannot be resolved by mutual agreement, and which involves a legally protected right, must be submitted to final and binding arbitration, instead of to the court system.

(*Id.*).

On February 22, 2019, Webster then electronically signed a document entitled Dialogue: The USAA Dispute Resolution Program Acknowledgement (the "Acknowledgment"). (Mot., Dkt. 11, at 3; Dkt. 11-1, at 7). The Acknowledgement reiterated that the Dialogue Program was the "exclusive means for resolving employment-related disputes (including, for example, claims for discrimination

under federal and state law) that fall within its coverage." (*Id.*). It also expressly detailed that the Dialogue Program "culminates in mandatory, binding arbitration for disputes that involve legally protected rights." (*Id.*). In electronically signing the Acknowledgment, Webster agreed that:

> I have received the Dialogue Description and Rules for Arbitration and Mediation, the Dialogue explanatory guide, and the USAA Legal Assistance Plan and have had an opportunity to review these materials. I agree to be bound by the terms and provisions of Dialogue. I understand that any dispute covered by Dialogue that cannot be resolved by mutual agreement, and which involves a legally protected right, must be submitted to final and binding arbitration, instead of to the court system. This includes disputes relating my employment and any termination of my employment (including events that may occur after any such termination of employment) and includes claims arising under federal and state law such as discrimination and retaliation. I understand that this means that USAA and I are waiving any right we may have to bring a lawsuit in court and to a jury trial concerning any dispute covered by the Program. I also understand that the Program is not a contract for employment for any specific period of time and does not affect either my or USAA's legal rights except as expressly stated in the Program itself.

(*Id.*). Contemporaneously upon signing the Acknowledgement, Webster also received a document entitled Dialogue: The USAA Dispute Resolution Program Description and Rules for Arbitration and Mediation, which was referenced in the Acknowledgement. (Mot., Dkt. 11, at 3; Dkt. 11-1, at 9–40). This document provided further information regarding the Dialogue Program, including rules for arbitration and mediation such as the initiation process for an arbitration proceeding before the American Arbitration Association, appointment of an arbitrator, arbitration discovery, fees and expenses, and more. (*See* Dkt. 11-1, at 9–40).

By affixing her electronic signature to both the Notice and the Acknowledgement, Webster agreed to USAA's Dialogue Program and agreed to be bound by its terms mandating that she submit her claim against USAA to binding arbitration. Thus, both documents demonstrate that Webster and USAA entered into valid arbitration agreements. *See In re Halliburton Co.*, 80 S.W.3d 566, 568–69 (Tex. 2002) (holding that an at-will employee was bound by dispute resolution program

where employer notified all employees that arbitration was the exclusive method for resolving employment disputes).

The second step in evaluating whether to enforce an arbitration agreement requires the Court to determine whether Plaintiff's claims are covered by the arbitration agreement. Arbitration "should not be denied unless it may be said with positive assurance that an arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 650 (1986); *see Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990). Any doubts as to whether the allegations at issue fall within the scope of the agreement must be resolved in favor of arbitration. *AT&T Technologies, Inc.*, 475 U.S. at 650; *Neal*, 918 F.2d at 37. The Acknowledgement applies to a legally protected right and covers: "disputes related to [an employee's] employment and termination of [their] employment (including events that may occur after any such termination of employment) and includes claims arising under federal and state law such as discrimination and retaliation." (Dkt. 11-1, at 7). Webster's discrimination and retaliation claims, thus, squarely fall within the scope of the Dialogue Program. Accordingly, the Court finds that Webster's claims are covered by the arbitration agreement that the parties signed.

Because the Court finds that the parties made an agreement to arbitrate the claims that Webster asserts, the Court will grant USAA's motion to compel arbitration. Defendant also requests that this Court dismiss this action for lack of subject matter jurisdiction due to the arbitration agreement. (Mot., Dkt. 11, at 8–10). The FAA provides that a federal court should stay a civil action upon finding that an issue is referable to arbitration and upon application of one of the parties. 9 U.S.C. § 3. The Supreme Court also recently reaffirmed that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024). Here, neither party has requested a stay. Webster never responded to USAA's motion to compel

4

arbitration and has not filed anything in this case in over six months. Meanwhile, USAA has asked for dismissal. Accordingly, the Court finds that dismissal, rather than a stay, is appropriate.

For these reasons, **IT IS ORDERED** that USAA's motion to compel arbitration and dismiss Plaintiff's amended complaint, (Dkt. 11), is **GRANTED**. Webster's claims are compelled to arbitration and **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that USAA's motion for a hearing, (Dkt. 14), is **MOOT**.

The Court will enter final judgment by separate order.

**SIGNED** on September 30, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE